UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ROSE WRIGHT,
a citizen and resident of Maryland,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROSE WRIGHT, a citizen and resident of Maryland, hereby sues Defendant, CARNIVAL CORPORATION, ("CARNIVAL") a Panamanian corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff ROSE WRIGHT is a citizen of Maryland and is otherwise *sui juris*.

3. Defendant CARNIVAL is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. Defendant CARNIVAL is both a citizen of Panama and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

4. At all material times Defendant was operating under the fictious name "CARNIVAL CRUISE LINES."

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship.  Plaintiff is a resident and citizen of Maryland, while Defendant CARNIVAL is a citizen of Panama and Florida.  The damages and injuries suffered by Plaintiff as alleged in Paragraph 17 below support an award of damages in excess of $75,000.00, exclusive of interest and costs.

6. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

7. At all material times, Defendant CARNIVAL was, and is, engaged in the business of operating maritime cruise vessels for fare paying passengers, including the Plaintiff.

8. In the operative ticket contract, Defendant CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

9. Venue is also proper because Defendant CARNIVAL's principal place of business is located within this judicial district.

10. Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant CARNIVAL with timely notice as required by the ticket contract. A copy of the letter, dated April 19, 2023, has been attached hereto as *Exhibit 1*.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

11. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL "FREEDOM."

12. On April 2, 2023, Plaintiff was a fare paying passenger aboard the CARNIVAL "FREEDOM" and in that capacity was lawfully present aboard the vessel.

13. On April 2, 2023, Plaintiff was walking in the interior dining area of Deck 9 (the "Lido Deck") on the CARNIVAL "FREEDOM," when she slipped and fell on a foreign, wet, slippery, and/or transitory substance present on the floor surface.

14. At all material times, Defendant knew, or in the exercise of reasonable care, should have known of the foreign, wet, slippery, and/or transitory substance that caused the Plaintiff to slip and fall for the reasons set forth below.

15. Defendant's actual and/or constructive knowledge derives from prior similar slip and fall incidents that occurred on the CARNIVAL "FREEDOM," and/or vessels within the same class. Including, but not limited to, the following:

   a. On July 27, 2022, L. Kornegay slipped and fell on a wet, slippery substance while walking in the interior portion of the Lido Deck of the CARNIVAL "CONQUEST," a sister vessel in the same class as the "FREEDOM."

   b. On April 30, 2022, A.C. was walking in the interior portion of the Lido Deck on the CARNIVAL "LIBERTY," a sister vessel in the same class as the "FREEDOM," when he slipped and fell due to a wet, slippery substance present on the tile floor surface. *Coletti v. Carnival Corp.*, 23-cv-23275.

   c. On January 20, 2022, A.D. walked into the interior portion of the Lido Deck on the CARNIVAL "GLORY," a sister vessel in the same class as the "FREEDOM," when he slipped and fell due to a wet, slippery substance present on the tile floor surface. *Delgado v. Carnival Corp.*, 22-cv-21384.

16.     Further actual and/or constructive knowledge comes from CARNIVAL's own internal documentation which recognizes that "areas of most potential slip and falls" include "Lido Dining (inside)." A copy of which is attached hereto as *Exhibit 2*.

17.     As a direct and proximate result of the fall described in Paragraph 13 above, the Plaintiff was injured in and about his body and extremities, including a concussion, an acute kidney injury, and a lower back injury, and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life.  Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries.  The future medical and health care expenses are reasonably certain to occur.  These damages are permanent or continuing in their nature and Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE

18.     Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

19.     At all material times, CARNIVAL owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain its vessel, which encompassed the interior portion of the Lido Deck where the Plaintiff slipped and fell, in a reasonably safe condition.

20.     At all material times, there existed a dangerous condition on the floor surface of the Lido Deck referenced in Paragraph 13, to-wit: a foreign, wet, slippery, and/or transitory substance.

21. At all material times, CARNIVAL had actual and/or constructive notice of the dangerous condition that caused Plaintiff to slip and fall for the reasons set forth in Paragraphs 15 and 16.

22. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition, CARNIVAL breached its duty to Plaintiff by failing to exercise reasonable care in maintaining the floor surface of where Plaintiff slipped and fell in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

   a. Failing to maintain the floor surface of the Lido deck (Deck 10) where Plaintiff slipped and fell in a reasonably safe condition to prevent slip and falls from occurring.

   b. Failing to maintain the floor surface on the FREEDOM in accordance with the manufacturer's specifications to ensure that the floor surface maintains its slip resistance characteristics.

   c. Failing to inspect the floor surface where Plaintiff slipped and fell to ensure adequate slip resistance.

   d. Failing to use a floor surface in the area where Plaintiff slipped and fell that would provide adequate slip resistance to prevent slip and falls from occurring.

   e. Failing to utilize non-skid strips and/or other precautions in the area where Plaintiff slipped and fell in order to prevent slips and falls from occurring on the open decks of the Freedom.

   f. Failing to staff and deploy a sufficient number of personnel assigned to the deck where Plaintiff fell in order to identify a wet, slippery, transitory, and/or foreign

    substances from accumulating on the deck surface in the area where prior to when Plaintiff slipped and fell.

g. Failing to dry the floor surface prior to Plaintiff's slip and fall.

h. Failing to conduct frequent, timely, or adequate inspections of the floor surface in the area where Plaintiff slipped and fell to identify or detect potential slip and fall hazards such as accumulated water and/or a wet, slippery, transitory, or foreign substances on the floor.

i. Failing to implement and/or enforce adequate policies and procedures to ensure that wet floors in the area where Plaintiff slipped and fell were remedied.

j. Failing to implement or enforce adequate policies and procedures to ensure that the area where Plaintiff slipped and fell was free of any wet or foreign substances so as to prevent slip and falls from occurring.

23. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17.

**WHEREFORE**, Plaintiff demands judgment against CARNIVAL for compensatory damages, interest, and the costs of this action and further demands trial by jury of all issues triable as of right.

## COUNT II – NEGLIGENT FAILURE TO WARN

24. Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

25. At all material times, CARNIVAL owed the Plaintiff, as a fare paying passenger, a duty of reasonable care, including a duty to warn of onboard dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

26. At all material times, there existed a dangerous condition on the floor surface of the Lido Deck referenced in Paragraph 13, to-wit: a foreign, wet, slippery, and/or transitory substance.

27. At all material times, the dangerous condition was not open and obvious as the transitory liquid was clear or light colored.

28. At all material times, CARNIVAL had actual and/or constructive notice of the dangerous condition of the floor surface where Plaintiff slipped and fell for the reasons alleged in Paragraphs 15 and 16.

29. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition, CARNIVAL failed at all material times to warn passengers, including the Plaintiff, of the dangerous condition through written or orally delivered warnings, appropriate signage, markings, or placement of cones, cordoning off the dangerous area pending its cleaning and drying, or otherwise, and was thereby negligent.

30. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE**, Plaintiff demands judgment against CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: May 29, 2024

*/s/ NICHOLAS I. GERSON*
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
STEPHEN P. MATHENY
Florida Bar No. 1049813
smatheny@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749
*Attorneys for Plaintiff*